# Richmond.

## MEYER v. MEYER.

### March 13, 1902.

1. HUSBAND AND WIFE—*Custody of Infant.*—Ordinarily the father is entitled to the care and custody of his infant child, but when the father is claiming the custody of the child, the court will exercise its discretion according to the facts and what appears to be the best interest of the child. The welfare of the child is the controlling consideration.

Appeal from a decree of the Law and Equity Court of the city of Richmond, pronounced March 23, 1901, in a suit in chancery wherein appellant was the complainant, and the appellee was the defendant.

*Affirmed.*

The opinion states the case.

*John A. Lamb*, for the appellant.

*L. O. Wendenburg*, for the appellee.

CARDWELL, J., delivered the opinion of the court.

Otto Meyer, spoken of in this record as Dr. Meyer, on the 19th of May, 1896, filed his bill, in the Law and Equity Court of the city of Richmond, against Lizzie H. Meyer, his wife, praying a divorce from the latter *a mensa et toro*, upon the ground of desertion. To this bill defendant made no answer, and the court, by its decree of May 23, 1896, granted the plain-

tiff the divorce, but made no disposition of the infant daughter of the parties, then but a little over a year old, leaving her in the care and custody of the mother. In September, 1896, by consent of parties, by counsel, the cause was reinstated upon the docket, and Dr. Meyer petitioned the court to grant him the permanent custody of the child.

Numerous depositions were taken upon this question, and the court, by its decree of March 23, 1901, denied the prayer of the petition, and awarded the custody and care of the child to the mother. From this decree Dr. Meyer obtained an appeal to this court.

The only evidence in the record tending to show that appellee was not a suitable person to have the custody of her child is found in the deposition of Dr. Meyer. To his competency as a witness, appellee strenuously objected, but we shall not consider the question, for the reason that, giving him the benefit of his deposition, the view that we take of the case is not changed.

As was said by this court in *Stringfellow* v. *Somerville*, 95 Va. 701: "Ordinarily the father is entitled to the care and custody of his infant child, but when the father is claiming the custody of his child, the court will exercise its discretion according to the facts, and what appears to be best calculated to promote the infant's welfare."

Again, it is said in *Cariens* v. *Cariens*, decided by the Supreme Court of West Virginia in November, 1901, 40 S. E. R. 335: "The law as to the custody of children has been greatly modified. Formerly the right of the father to its custody was almost an inflexible rule. . . . . . . But civilization, advanced thought, and human kindness have bent this iron rule, and opened the ears of the courts to the pleading of the true friend and owner of the child. The courts do not, these days, inexorably take from mothers their children, of tender years, even for the father, if the mother is a fit person and has a home for

them, but look at all the circumstances.   The welfare of the child is the test." See also 9 Am. & Eng. Enc. Law 1, (2d ed.), 867, and authorities there cited.

It would not be of benefit to anyone for us to review in detail the evidence in the record.   The learned judge of the Law and Equity Court has upon that evidence decreed that the welfare of the child requires that she be left in the custody and care of her mother; and, after a careful consideration of the record, we are unable to say that his conclusion is erroneous.

The decree appealed from is affirmed.

*Affirmed.*